[No. C. D. 1140.   *En Banc.*   April 1; 1937.]

*In the Matter of the Proceedings for the Disbarment of* J. L. MITCHELL.[1]

*S. M. Brackett,* for the board of governors.

*J. L. Mitchell, pro se.*

HOLCOMB, J.—Respondent, who is now nearly fifty-five years of age, was proceeded against upon charges alleged in three grounds of complaint of professional misconduct as a lawyer. He had been a member of the bar of Washington since November 29, 1927, at all times practicing in Yakima. Previously he had practiced in Grand Junction, Colorado, for four years, from which place he came here highly recommended, and in Norfolk, Virginia, for fourteen years prior.

The first complaint against him was that of withholding information and funds in the matter of the

[1]Reported in 66 P. (2d) 300.

estate of Ralph Milton Tipling, deceased, in Yakima county, Washington, and also of Ethyl Gertrude Tipling, who, after the probate of her deceased husband's estate, moved to Billings, Montana, and there died. The attorneys who probated her estate in Montana requested respondent to administer upon the remainder of the estate in Yakima county, which had been administered by Josephine La Vigne as the administratrix of the estate of Ethyl Gertrude Tipling in Montana, which respondent undertook.

Thereafter, the wife of respondent became seriously ill, continuing so for nearly a year or until her death, during which time respondent was under extreme nervous and mental strain and neglected his business, leaving it largely to a stenographer, including that of the above mentioned estate.

After much urgency on the part of the attorneys for the estate in Billings, Montana, and of local attorneys employed by them, respondent finally accounted for all funds received by him to the persons entitled thereto, as was found to be the fact by the trial committee.

A second complaint of misconduct was dismissed by the trial committee as not sufficiently well founded to require action against respondent.

The third complaint against respondent was one dealing with the affairs of one Davenport, which related to a contract with John F. Mair and Alethea Mair, his wife.

Respondent admitted the irregularity of that affair, but claimed that he had asked Davenport to be allowed to use the money obtained therefrom temporarily, to which Davenport had acquiesced; that respondent asserted his need for the money was brought about because he had discovered a shortage

in the Tipling estate, but Davenport denied there was any such agreement on his part.

The trial committee, consisting of Bert C. Ross, a member of the board of governors, Thomas E. Grady, former superior court judge of Yakima county, and James S. Freece, a local lawyer of Yakima, all persons of the highest probity and competence, the last two of whom had practiced with respondent in that community for several years, who saw and heard all of the witnesses, including respondent, made the following recommendation:

"The trial committee, being wholly satisfied that misconduct of the respondent and the violations of his obligations as an attorney grew out of a situation where the respondent was almost irresponsible mentally due to the mental and nervous strain under which he was laboring on account of his wife's last illness, and being convinced that the respondent will probably not again violate his duty as an attorney in the particulars herein mentioned, is constrained to recommend the suspension of the respondent from the practice of law for the period of one year."

The board of governors disregarded the recommendation of the trial committee, and recommended that respondent be permanently disbarred. A large part of the record, particularly as to the two charges upon which respondent was found guilty by the trial committee, has been carefully studied.

Respondent served his country overseas during the World War, and before leaving, he had put the title to his Virginia real estate in his wife's name, so that, "in case anything happened to him no administration would be necessary." Never having had the title restored to himself, it remained in her name at her death, and there being no community property law in that state, trouble immediately arose with her relatives, and the disposition he expected to make of

it failed. That was his plausible and probable explanation of his misuse of funds belonging to others during the extended illness of his wife.

Being as familiar with the record as the members of the board who did not sit were, we are better satisfied with the recommendation of the trial committee of a suspension of respondent for one year than with that of the board of governors of permanent disbarment. The order therefore will be that respondent be temporarily suspended from the practice of law for one year from and after the going down of the remittitur herein.

MAIN, TOLMAN, BEALS, BLAKE, and GERAGHTY, JJ., concur.

MILLARD, J. (dissenting)—I dissent. I am in accord with the recommendation of the board of governors that respondent be permanently disbarred.

STEINERT, C. J., and ROBINSON, J., concur with MILLARD, J.